**MONTANA RIGHT TO LIFE ASSOCIATION; Montana Right to Life Political Action Committee; Julie Daffin, President of Montana Right to Life Association, Plaintiffs—Appellants,**

v.

**Robert EDDLEMAN, in his official capacity as County Attorney for Stillwater County, Montana, and as a representative of the class of County Attorneys in the State of Montana, et al.; Linda L. Vaughey, Defendants—Appellees.**

No. 01–35975.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 8, 2005.

Decided Dec. 21, 2005.

Before: GOULD and BERZON, Circuit Judges, and SCHWARZER,* District Judge.

### MEMORANDUM **

Montana Right to Life Association (MRTL) appeals from the district court's award of attorneys fees. After MRTL submitted an amended attorneys fees petition that purported to eliminate from the petition hours spent litigating unsuccessful claims, the district court further reduced the number of compensable hours by one-third. The district court did not give an explanation for the lodestar calculation that demonstrated that it was considering all the pertinent factors in awarding compensation for two-thirds of the requested hours. Nor did the district court acknowledge that the amended fees petition accounted for partial success or explain why any further reduction for that purpose was necessary. Instead, the district court stated only that it was reducing the number of compensable hours in light of the ratio of successful to unsuccessful claims.

The district court "has discretion in determining the amount of a fee award. . . . It remains important, however, for the district court to provide a concise but clear explanation of its reasons for the fee award." *Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Thus, *Hensley* "requir[es] the district court to give at least some indication of how it arrived at the amount of compensable hours for which fees were awarded to allow for meaningful appellate review." *Gates v. Deukmejian,* 987 F.2d 1392, 1398

James Bopp, Jr., Esq., Raeanna S. Moore, Esq., Bopp Coleson & Bostrom, Terre Haute, IN, Kenneth H. Gray, Esq., Jackson & Rice, Helena, MT, for Plaintiffs–Appellants.

Brian M. Morris, Esq., Sarah A. Bond, AGMT—Office of the Montana Attorney General, Helena, MT, for Defendants–Appellees.

---

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

(9th Cir.1992) (citing *Cunningham v. County of Los Angeles,* 879 F.2d 481, 485 (9th Cir.1988)). If the district court uses a percentage reduction, the explanation given must correspond to the actual percentage chosen. *See McGrath v. County of Nevada,* 67 F.3d 248, 254 (9th Cir.1995).

Here, the district court's stated reasons for reducing the hours counted in the lodestar by one-third do not correspond to the plaintiffs' explanation of the hours included in their application. As we therefore "cannot discern whether the district court appropriately exercised its discretion," we remand for the district court either to provide an adequate explanation or to recalculate the appropriate number of reasonable hours. *See id.* at 253–54. While there are various ways to adjust the lodestar amount to account for lack of success on nonoverlapping causes of action, the methodology used cannot "double count" the lack of success by using duplicative adjustments. *See Ferland v. Conrad Credit Corp.,* 244 F.3d 1145, 1149–50 (9th Cir.2001).

MRTL also argues that it was an abuse of discretion for the district court to deny compensation for litigation of the fees petition (fees-on-fees). *Hensley* applies to fees-on-fees litigation. *See Comm'r, INS v. Jean,* 496 U.S. 154, 163 n. 10, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990). Thus, the district court had discretion to reduce those fees to the same extent it reduced the fees for the underlying litigation, so long as it provided an adequate explanation. *See Schwarz v. Sec'y of Health & Human Servs.,* 73 F.3d 895, 909 (9th Cir. 1995).

It appears, however, that the district court did not include *any* of the post-summary judgment fees-on-fees hours in the lodestar calculation. The explanation provided for this exclusion was that MRTL achieved no success since the summary judgment order. Fees-on-fees are not granted, however, because of post-judgment success on merits issues, but rather to compensate for reasonable hours spent successfully litigating the fees petition. Furthermore, although some hours for fees-on-fees are in the original petition, which was submitted immediately after the summary judgment order was issued, MRTL amended its fees request after summary judgment. Unless the hours expended on this amendment are deemed unreasonable, MRTL should be compensated for such work. *See Bernardi v. Yeutter,* 951 F.2d 971, 976 (9th Cir.1991). We remand for a clear explanation for denying the requested fees or, in the alternative, for a reasonable fees-on-fees award.

To facilitate the resolution of this dispute, the court will not issue the mandate until the parties have had an opportunity to determine whether they wish to mediate the amount of the fees with the Circuit Mediator and to mediate if they so wish.

**REVERSED and REMANDED.**